UNITED STATE DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA NESBITT<br>1629 Tucker Rd<br>Fort Washington, MD 20744<br><br>    Plaintiff,<br>v.<br><br>ERIC H. HOLDER, JR.,<br>Attorney General,<br>Department of Justice<br>950 Pennsylvania Ave, NW<br>Washington, DC 20530<br><br>    Defendant | JURY TRIAL DEMANDED<br><br>Civil Action No. |

## COMPLAINT

Plaintiff, by and through counsel, complains of Defendant as follows:

### NATURE OF THE COMPLAINT

1. Plaintiff brings this action against Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and seeks redress for the defendant's discriminatory employment practices based on Plaintiff's race and color.

2. Plaintiff's Complaint is based on Defendant's discriminatory conduct against him through which Defendant required Plaintiff to comply with the application standards in the announcement for the position, selected a less qualified Caucasian Male who failed to comply with the application standards in the announcement for the position, and gave a contradictory explanation regarding the application requirements for internal candidates.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343. This action is brought pursuant to 42 U.S.C. § 2000e-16 which prohibits discrimination in federal employment on the basis of race and color.

4. Venue is proper under 42 U.S.C. § 1391 and 42 U.S.C. § 2000e5(f)(3) because Plaintiff was formerly employed in and the alleged discriminatory acts occurred in Washington, D.C.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff has exhausted his administrative remedies by filing a formal complaint with the Defendant's Justice Management Division (DMD), Equal Employment Opportunity Staff and has filed this Complaint within 90 days of receipt of the final agency decision on February 6, 2012.

## PARTIES

6. Plaintiff, Joshua Nesbitt, is a resident of Fort Washington, Maryland.

7. On information and belief, Defendant, Eric H. Holder, Jr., Attorney General, Department of Justice, is named in his official capacity as Attorney General of the Agency that employed Plaintiff within the U.S. Government.

## FACTS

8. Plaintiff has been employed by Defendant as an attorney since 1992 in the following positions: Assistant U.S. Attorney, Northern District of New York (1992-1999); Trial Attorney, Organized Crime & Racketeering Section in Washington, D.C. (1999-2006); Attorney, Office of Intelligence and its predecessor, the Office of Intelligence Policy &

Review (2006-2011); and Trial Attorney, Organized Crime Drug Enforcement Task Force (OCDETF) (2011-present).

9. Plaintiff is a Black male of African-American descent.

10. At the time of the formal complaint, Plaintiff was an Attorney Advisor for the National Security Division (NSD), Office of Intelligence, GS-15, reporting to Ms. Nancy Newcomb (White Female), Chief of Litigation. Plaintiff is currently a Trial Attorney for the Organized Crime Drug Enforcement Task Force on detail to the Office of International Affairs.

11. On April 22, 2010, Ms. Newcomb sent an office-wide email announcing the newly created position of Deputy Chief, Litigation Section, Office of Intelligence, National Security Division, GS-15.

12. The primary duties of the position included coordinating and overseeing criminal and civil litigation related to the Foreign Intelligence Surveillance Act (FISA), coordinating with federal prosecutors on national security investigations and prosecutions involving the use of foreign intelligence, conducting and developing training for terrorism and espionage prosecutors and agents regarding the use of foreign intelligence information, and coordinating national security, intelligence, and law enforcement initiatives at various levels of government.

13. On April 26, 2010, the position was posted publicly. The vacancy announcement directed applicants to submit a cover letter highlighting their relevant experience, a writing sample, a law school transcript, and a current performance appraisal, if applicable to Joyce Klitenic, Chief of Human Resources (White Female).

14. On April 26, 2010, Plaintiff emailed Ms. Klitenic inquiring whether he was required to submit a writing sample and transcript as he had worked for the Office of Intelligence since 2006. Ms. Klitenic responded "Yes, Please [sic] submit everything that is required in the vacancy announcement."

15. On May 14, 2010, Plaintiff applied for the Deputy Chief position, submitting a cover letter, resume, law school transcript, writing sample, and his most current performance appraisal.

16. Paul Ridge, a White Male, applied for the position on April 27, 2010 by sending an email to Ms. Newcomb and Ms. Klitenic expressing his interest in the Deputy Chief position and summarizing his qualifications. In the email Mr. Ridge stated, "My law school transcript should be on file somewhere within the department and, if necessary, we can discuss what type of writing sample you would like to see in support of my application, although quite honestly, I don't get paid to write."

17. On information and belief, Ms. Klitenic never directed Mr. Ridge to "Please submit everything that is required in the vacancy announcement" as she had directed Plaintiff to do the day before.

18. Mr. Ridge did not submit a complete application for the position as he did not submit a law school transcript or a writing sample.

19. On May 28, 2010, Plaintiff learned that he was not selected for the Deputy Chief position.

20. Paul Ridge was selected for the Deputy Chief position. Mr. Ridge was employed in the Oversight Section at the time he was selected.

21. Mr. Ridge was selected even though his application did not comply with the requirements of the announcement.

22. The selecting official, Ms. Newcomb, informed Plaintiff that Mr. Ridge was selected because he had experience with the Foreign Intelligence Surveillance Act Amendments Act (FAA), litigation experience, and had been a supervisor in the Capital Case section.

23. The vacancy announcement contains no indication that prior supervisory/management experience was required or preferred.

24. In June 2010, Plaintiff contacted the Agency's EEO office.

25. In a letter dated September 2, 2010, Defendant wrote that "Although the posting did not differentiate between internal and external candidates, internal candidates did not have to submit a law school transcript, current performance review, or writing sample for their application to be considered complete because these materials were available to NSD staff."

26. Defendant's explanation in the letter contradicts the directions provided to Plaintiff, an internal candidate, by Ms. Klitenic on April 26, 2010.

27. On October 5, 2010, Plaintiff filed a formal complaint of discrimination with Defendant's Justice Management Division (DMD), Equal Employment Opportunity Staff alleging discrimination based on his race and color due to his non-selection for the position of Deputy Chief, Litigation Section.

28. Plaintiff should have been selected because Plaintiff qualified for consideration for the position by submitting a complete application, while Mr. Ridge failed to qualify for consideration by submitting an incomplete application and should thereby have been disqualified.

29. Plaintiff also should have been selected because he was substantially better qualified than Mr. Ridge because he had experience with the Litigation Unit and the Office of Intelligence Litigation, three years of FISA Litigation experience, and extensive work as a federal prosecutor.

30. Mr. Ridge was an attorney who had worked in the Oversight and Operations Sections, with no experience in the Litigation Unit, and no prior FISA litigation experience.

31. Plaintiff has sustained damages as a result of the alleged unlawful conduct consisting of lost/future wages and benefits, pain and suffering, emotional distress, and mental anguish.

## COUNT 1

32. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-31 as more fully set forth herein.

33. Defendant has intentionally discriminated against Plaintiff in violation of Title VII by not selecting him for the Deputy Chief position on the basis of his race and color.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment and damages against the Defendant as follows:

A. An order declaring that defendant violated Plaintiff's civil rights under Title VII of the Civil Rights Act of 1964, as amended, Title 42 U.S.C., Section 2000e-16, and restraining and enjoining defendant from further such violations;

B. An order promoting Plaintiff to Deputy Chief of Litigation in the Office of Intelligence retroactive to May 28, 2010;

C. Awarding Plaintiff compensatory damages in the amount of $300,000 or such other amount as is determined at trial to compensate Plaintiff for past and future non-economic losses, including emotional distress and mental anguish, impairment of his quality of life, and consequential losses;

D. Awarding Plaintiff attorney's fees and costs of suit;

E. Awarding Plaintiff lost and future lost wages and benefits; and

F. An award of such other relief as the Court may deem necessary and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury on all claims.

Dated: May 3, 2012

Respectfully submitted,

*Alan Lescht*
Alan Lescht, DC Bar # 441691
Susan L. Kruger, DC Bar # 414566
Rani Rolston, DC Bar # 974052
Alan Lescht & Assoc., PC
1050 17th St., NW, Suite 400
Washington, D.C. 20036
Tel (202) 463-6036
Fax (202) 463-6067
Attorneys for Plaintiff