# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA NESBITT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 12-00717 (RWR) |
| | )             ECF |
| ERIC H. HOLDER, JR. | ) |
| Attorney General of the United States, | ) |
| Department of Justice, | ) |
| | ) |
|     Defendant. | ) |

## ANSWER

Defendant, Eric H. Holder, Jr. in his official capacity as Attorney General of the United States, Department of Justice ("DoJ"), by and through the United States Attorney for the District of Columbia, hereby answers the allegations brought against him in the Complaint filed by the Plaintiff Joshua Nesbitt ("Plaintiff"):

## AFFIRMATIVE DEFENSE

Plaintiff is barred from bringing any claim for which he did not timely process his complaint of employment discrimination within the statute of limitations set forth in regulations or otherwise comply with applicable statutes of limitation.

## NATURE OF THE COMPLAINT

1.     This paragraph purports to identify the cause of action alleged by Plaintiff.   As such it constitutes a statement of law to which no response is required.   To the extent a response is deemed required, Defendant admits that Plaintiff seeks to pursue this matter under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.   Defendant denies all other allegations.

2.	Denied.

## JURISDICTION AND VENUE

3.	This paragraph purports to identify the cause of action alleged by Plaintiff and to identify the general jurisdictional bases of this matter.  As such it constitutes a statement of law to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff seeks to pursue this matter under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

4.	This paragraph purports to identify the cause of action alleged by Plaintiff and to identify the basis for venue in this Court for this matter.  As such it constitutes a statement of law to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff was employed in Washington D.C. as an Attorney-Advisor in the Litigation Section of the Office of Intelligence of the National Security Division ("NSD") of the U.S. Department of Justice.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.	This paragraph constitutes a statement of law to which no response is required.  To the extent a response is deemed required, Defendant admits that Plaintiff filed a Formal Complaint of Discrimination with the DoJ's Justice Management Division on October 5, 2010, that the DoJ's Complaint Adjudication Office issued a Final Agency Decision dated February 6, 2012, and that Plaintiff filed this action on May 3, 2012.

## PARTIES

6.	Defendant is without knowledge of Plaintiff's current address.

7.	Admitted.

**FACTS**

8.     Defendant admits that Plaintiff was employed by the DoJ from 1992 until leaving the National Security Division in 2011.   The NSD is without knowledge of Plaintiff's current employment.

9.     Admit.

10.    Defendant admits the first sentence of Paragraph 10.   With respect to the second sentence, Defendant admits that Plaintiff continues his employment at the Department of Justice.

11.    Defendant admits that on April 22, 2010, Ms. Newcomb by email notified first the Litigation Section and then the remainder of the Office of Intelligence of the intent to fill a new position of Deputy Chief of the Litigation Section.

12.    Defendant admits that these duties are among those for which the Deputy Chief of the Litigation Section is responsible and avers that the position description for this job includes a more comprehensive description of the responsibilities of the Deputy Chief position.

13.    Defendant admits that on or about April 26, 2010, the position of Deputy Chief of the Litigation Section was posted publicly and avers that the Vacancy Announcement describes the application process.   Defendant also admits Ms. Joyce Klitenic is a white female who in April 2010 was the NSD's Chief of Human Resources.

14.    Admitted.

15.    Admitted.

16.    Admitted.

17.    Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17.   Defendant avers that the NSD's Human

Resources Office filled more than 80 positions in 2010 and staff cannot recall every conversation with every applicant.

     18.     Denied.  Mr. Ridge's application was not incomplete since he was a current NSD employee and the documents requested in the Vacancy Announcement, including transcripts, performance appraisals, and writing samples, already were available within the NSD.

     19.     Defendant admits that on May 28, 2010, Ms. Newcomb first notified Plaintiff in person and subsequently notified the Litigation Section and then the remainder of the Office of Intelligence by email that Mr. Ridge had been selected to serve as the Deputy Chief of the Litigation Section.

     20.     Admitted.

     21.     Denied.

     22.     Denied.  To the extent Ms. Newcomb may have discussed Mr. Ridge's qualifications with Plaintiff, it simply was to provide examples of his experience.

     23.     Admitted.

     24.     Admitted.

     25.     Admitted.

     26.     Denied.  Defendant avers that the NSD's Human Resources Office would encourage any applicant to provide all materials requested in a vacancy announcement but would not consider an application from a current NSD employee to be incomplete if a requested document was not included since resumes, transcripts, performance appraisals, and writing samples already were on file within the NSD.

     27.     Admitted.

     28.     Denied.

29. Denied.

30. Defendant admits that Mr. Ridge worked in the Operations and Oversight Sections prior to joining the Litigation Section of the Office of Intelligence. Defendant denies that Mr. Ridge had no FISA litigation experience prior to joining the Litigation Section of the Office of Intelligence. Defendant avers that Mr. Ridge had such experience as a result of his work beginning in 2002 in the NSD's predecessor, the Office of Intelligence Policy and Review.

31. Denied.

## COUNT 1

32. This allegation merely repeated and realleges what previously has been set forth, and does not call for a separate answer.

33. Denied.

## PRAYER FOR RELIEF

These paragraphs consist of Plaintiff's prayer for relief, which requires no response. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief sought or to any relief whatsoever in this judicial action. All allegations contained in the Complaint not heretofore specifically admitted, modified, or denied are hereby generally denied as completely as if separately and specifically denied.

## JURY TRIAL DEMAND

Defendant denies that Plaintiff is entitled to a jury trial in this matter.

All allegations contained in the Complaint not heretofore specifically admitted, modified, or denied are hereby generally denied as completely as if separately and specifically denied.

WHEREFORE, having fully answered, Defendant respectfully requests that the Complaint be dismissed with prejudice together with costs or whatever other relief this Court deems appropriate.

        Respectfully submitted,

        RONALD C. MACHEN JR., Bar # 447889
        United States Attorney
        for the District of Columbia

        DANIEL VAN HORN, Bar # 924092
        Acting Chief, Civil Division

        By:  /s/ Mercedeh Momeni
        MERCEDEH MOMENI
        Assistant U.S. Attorney
        555 4th Street NW
        Washington DC   20530
        Telephone: (202) 307-0821
        mercedeh.momeni@usdoj.gov

*Of Counsel:*
Janice Kaye, Esq.
U.S. Department of Justice
National Security Division
950 Pennsylvania Avenue NW, Room 1335
Washington, DC 20530

Dated:   July 9, 2012