**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
JOSHUA NESBITT,                          )
                                         )
    Plaintiff,                           )
                                         )
v.                                       ) Civil Action No. 12-717 (RWR)
                                         )                ECF
ERIC H. HOLDER, JR.                      )
Attorney General of the United States,   )
Department of Justice,                   )
                                         )
    Defendant.                           )
_____)

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Eric H. Holder, Jr. in his official capacity as Attorney General of the United States, Department of Justice ("DOJ" or "Department"), by and through the United States Attorney for the District of Columbia, hereby submits this motion for summary judgment, pursuant to Fed. R. Civ. P. 56(b) and (c). Plaintiff, an African-American employee of the Department, brings a single-count, employment discrimination complaint claiming that his non-selection to a deputy section chief position in his former office violated Title VII of the 1964 Civil Rights Act. His claims are based on his race.

Plaintiff's claim lacks merit, however, because, as the post-discovery record indicates, management's selection of Mr. Paul Ridge is grounded in legitimate, non-discriminatory reasons, *i.e.*, while Plaintiff was qualified for the position, Mr. Ridge was seen as an excellent fit, having a significant amount of managerial/supervisory and leadership experience, *inter alia*. A Statement of Undisputed Material Facts, a Memorandum of Points and Authorities in support of this Motion, the declaration of responsible officials, and a proposed Order are filed herewith. For the reasons provided in the attached Memorandum of Points and Authorities, with Exhibits 1 through 10, there

are no material facts in dispute and, the facts in this case establish that summary judgment should be granted in the Department's favor as a matter of law.

*Pro se* Plaintiff should note that his case, or parts thereof, may be dismissed if he fails to respond to this dispositive motion. *Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988). A proposed Order is attached hereto.

                                  Respectfully submitted,

                                  RONALD MACHEN JR. D.C. BAR # 447889
                                  United States Attorney

                                  DANIEL F. VAN HORN, D.C. BAR # 924092
                                  Chief, Civil Division

                                  */s/ Mercedeh Momeni*
                                  _____
                                  MERCEDEH MOMENI
                                  Assistant United States Attorney
                                  Civil Division
                                  555 4th Street, N.W.
                                  Washington, D.C.   20530
                                  (202) 307-0821
                                  Mercedeh.Momeni@usdoj.gov

Of Counsel
Janice Kaye, Esq.
National Security Division
U.S. Department of Justice

Date:   January 22, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
JOSHUA NESBITT,                              )
                                             )
    Plaintiff,                              )
                                             )
v.                                           ) Civil Action No. 12-717 (RWR)
                                             )              ECF
ERIC H. HOLDER, JR.                          )
Attorney General of the United States,       )
Department of Justice,                       )
                                             )
    Defendant.                              )
_____)

**DEFENDANT'S STATEMENT OF MATERIAL FACTS
AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Local Rule 7(h), Defendant, the United States Department of Justice, ("DOJ" or "Department") hereby submits the following statement of material facts as to which there is no genuine dispute.

1. Joshua Nesbitt ("Plaintiff") is an African-American male, and a former GS-15 Attorney Advisor for DOJ's Office of Intelligence, National Security Division. Compl. [D.I. 1] ¶¶ 8 - 10. He has been employed by DOJ since 1992, and is currently a Trial Attorney for the Department's Organized Crime Drug Enforcement Task Force. *Id*. ¶¶ 8, 10. On or about May 14, 2010, he applied for the GS-15 position of Deputy Chief of the Litigation Section, Office of Intelligence, National Security Division ("Deputy Chief position"). *Id.* ¶¶ 11, 15.

2. Nancy Newcomb is a Caucasian female who is the Chief of the Litigation Section, Office of Intelligence, National Security Division. *Id*. ¶ 10. She was Plaintiff's first-line supervisor and the selecting official for the Deputy Chief position, during the relevant times. Compl. ¶ 22; Exh. 1 attached hereto, Ms. Newcomb's Interrogatory Responses ("Newcomb Response") at Qs. 26, 32.

3.     Tashina Gauhar is an Asian-American female and the Deputy Assistant Attorney General for Intelligence.   Exh. 2 attached hereto, Ms. Gauhar's Interrogatory Responses ("Gauhar Response") at Qs. 4, 9.   She is Ms. Newcomb's supervisor and was the approving official for the Deputy Chief position.   *Id*. at Qs. 6, 27.

4.     Ms. Newcomb reviewed the application packages the Human Resources Office provided to her for the Deputy Chief position, which included applications of internal candidates.   Exh. 1, Newcomb Response at Qs. 20, 22, 23.   She presumed that all of the applications provided to her for review met applicable qualifications.   *Id*. at Q. 23.

5.     Ms. Newcomb was looking for someone who could step into her role as Chief of the Litigation Section at any time.   Exh. 1, Newcomb Resp. at Q. 35; Exh. 2, Gauhar Resp. at Qs. 11, 34; Exh. 3 attached hereto Plaintiff's Affidavit at 84; Exh. 4 attached hereto, Deputy Chief position description; Exh. 5 attached hereto, Vacancy Announcement.   According to Ms. Newcomb, the ideal candidate would have both managerial/supervisory and leadership experience and either national security-related or litigation experience.   Exh. 1, Newcomb Resp. at Q. 35; Exh. 2, Gauhar Resp. at Qs. 15, 34.   One of the reasons leadership experience was necessary was because the Deputy Chief would be responsible for representing DOJ at inter-agency and inter-departmental high-level meetings, relating to national security issues.   Exh. 2, Gauhar Resp. at Q. 35, Exh. 8 attached hereto, Newcomb Declaration ¶ 3.

6.     Ms. Newcomb interviewed three applicants for the position who were then employed at the Office of Intelligence, including Plaintiff and Paul Ridge, a Caucasian male.   Exh. 1, Newcomb Response at Q. 22, Compl. ¶¶ 16, 20.

7.     Ms. Newcomb had personal knowledge of the work of all three applicants interviewed. Exh. 1, Newcomb Resp. at Qs. 8, 32.   She was the Plaintiff's immediate supervisor and had

worked in the same office with the selectee since 2002. *Id.* The presence or absence of particular documents in the application packages had no bearing on Ms. Newcomb's selection decision. *Id.* at Q. 23.

8. Paul Ridge had all of the qualifications outlined in the vacancy announcement and in paragraph 5, *supra*, and Ms. Newcomb believed that he would be an excellent fit. Exh. 1, Newcomb Response at Qs. 22, 37; Exh. 2, Gauhar Response at Qs. 22, 36, 38; Exh. 6 attached hereto, Mr. Ridge's curriculum vitae, at pp. 169-174. Mr. Ridge was selected for the position in May 2010. Compl. [D.I. 1] ¶ 19.

9. While Plaintiff had litigation and relevant national security experience, Ms. Newcomb believed that he lacked managerial/supervisory experience and had limited leadership experience. Exh. 1, Newcomb Response at Q. 38; Exh. 2, Gauhar Response at Q. 40; Exh. 3 Plaintiff's Aff. at pp. 93-94; Exh. 7, Plaintiff's résumé at pp. 178-179.

10. Plaintiff acknowledges that Mr. Ridge was well qualified for the position and that while "one could quibble over what experience is best" choosing among well qualified applicants is "a judgment call." Exh. 3 Plaintiff's Aff. at p. 101.

                    Respectfully submitted,

                    RONALD MACHEN JR. D.C. BAR # 447889
                    United States Attorney

                    DANIEL F. VAN HORN, D.C. BAR # 924092
                    Chief, Civil Division

                      */s/ Mercedeh Momeni*
                  _____
                  MERCEDEH MOMENI
                  Assistant United States Attorney
                  Civil Division
                  555 4th Street, N.W.
                  Washington, D.C.   20530
                  Telephone:   (202) 307-0821
                  Mercedeh.Momeni@usdoj.gov

Of Counsel
Janice Kaye, Esq.
National Security Division
U.S. Department of Justice
Date:   January 22, 2013

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSHUA NESBITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-717 (RWR) |
| ) | ECF |
| ERIC H. HOLDER, JR. ) | |
| Attorney General of the United States, ) | |
| Department of Justice, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Eric H. Holder, Jr. in his official capacity as Attorney General of the United States, Department of Justice ("DOJ" or "Department"), through undersigned counsel, respectfully submits this Memorandum of Points and Authorities in support of his motion for summary judgment.

**STATEMENT OF THE CASE**

Plaintiff was a GS-15 Attorney Advisor at the Department on April 22, 2010, when the Section Chief, Nancy Newcomb, sent an office-wide email announcing the newly created GS-15 position of Deputy Chief of the Litigation Section, Office of Intelligence, National Security Division ("Deputy Chief position").  Compl. [D.I. 1] ¶¶ 8, 11.  Plaintiff is African-American. *Id.* ¶ 8.[1]   The position was also advertised outside the Division on April 26, 2010.  *Id.* ¶¶ 13.  The vacancy announcement stated that the Deputy Chief would be responsible for

---

[1] In his Complaint, at paragraph 8, Plaintiff references his color, also.   However, his claims here are based on race only.   Exh. 9 attached hereto, Pl. Dep. Tr. 9:9-15.

> assisting the Section Chief in coordinating and overseeing criminal and civil litigation related to [Foreign Intelligence Surveillance Act] FISA. The Litigation Section in the Office of Intelligence generally works in close coordination with federal prosecutors to ensure that information obtained from intelligence sources is used effectively and appropriately in criminal investigations and prosecutions. This is a *supervisory position*.

Exh. 5 at pp. 165-166 (emphasis added).

Ms. Newcomb, a DOJ employee since 1991, had been discussing the creation of the Deputy Chief position with her supervisor since the fall of 2009. Exh. 1, Newcomb Resp. at Qs. 3, 11. She believed that the ideal candidate

> would have both managerial/supervisory and leadership experience and either national security-related or litigation experience. [She] was looking for someone who could step into [her] role any time. [She] needed a Deputy who could assist [her] in managing the increasing work load in the Litigation Section and fulfill the Chief's duties in [her] absence."

*Id*. at Q. 35. In fact, when she was drafting the position description for the Deputy Chief, she used the job announcement of her own position as a guide. *Id*. at Qs. 14 and 15. Ms. Newcomb not only manages the employees in the Litigation Section, but also represents her section at inter-agency meetings where she must act as a zealous advocate for, and provide guidance on, issues that affect the section's work. Exh. 8, Newcomb Declaration; Exh. 2 Gauhar Resp. Q. 35.

Ms. Newcomb received several application packages from the National Security Division's ("NSD") Human Resources Office and began the interview process by meeting with three internal candidates, including Plaintiff and Paul Ridge. Exh. 1 at Qs. 18, 22, 32; Compl. ¶ 22. She assumed that since the application packages had been forwarded to her by "the Human Resources Office, the applicants met all of the qualifications." *Id*. at Q. 23. The interview process included questions from Ms. Newcomb to the candidates in a one-on-one setting. *Id.* at Q. 32. Her questions were based on information on each applicant's résumé and her personal

knowledge of their work.  *Id*.  Although she took notes during the interviews, they consisted of nothing more than one or two word reminders for follow-up questions during the course of these interviews.  Exh. 8, Newcomb Decl. ¶ 6.

Ultimately Ms. Newcomb chose to recommend Mr. Ridge, a Caucasian, for the Deputy Chief position because she believed he met all of the qualifications listed on the vacancy announcement and because he "would be an excellent fit for the position."  Exh. 1 at Q. 22.  She was looking for someone who could step into her role at any time and would be able to fulfill her duties in her absence.  *Id.* at Q. 35.  Based on Ms. Newcomb's recommendation and Ms. Gauhar's personal knowledge of the work of Mr. Ridge, Ms. Gauhar concurred in the decision to select Mr. Ridge and approved the hire.  Exh. 2 Gauhar Resp. Qs. 38, 39.

## STATEMENT OF FACTS

The Department adopts as its statement of facts the Statement of Undisputed Material Facts appended hereto.

## STANDARD OF REVIEW

**I.    Summary Judgment**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(C).  *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  *See also Kilby-Robb v. Spellings*, 552 F. Supp. 2d 148, 154 (D.D.C. 2007).  To determine which facts are "material," a court must look to the substantive law on which each claim rests.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A "genuine issue" is one whose resolution could establish an element of a claim or

defense and, therefore, affect the outcome of the action. *Celotex v. Catrett*, 477 U.S. 317, 322, (1986) *Anderson*, 477 U.S. at 248.

The party moving for summary judgment bears the initial responsibility of informing the trial court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. *Alexis v. District of Columbia*, 44 F. Supp. 2d 331, 337 (D.D.C. 1999); *Celotex Corp.*, 477 U.S. at 323. When the moving party has carried its burden, the responsibility shifts to the nonmoving party to show that there is, in fact, a genuine issue of material fact for trial. *Alexis*, 44 F. Supp. 2d at 337. The opposing party must provide "specific facts showing that there is a genuine issue for trial," and "may not rely on mere allegations or denials to prevail." *Id.* The trial court must enter summary judgment against a nonmoving party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322; *see also Alexis*, 44 F. Supp. 2d at 337 ("Rule 56 (c) mandates summary judgment" in this circumstance).

## II. Deference Due to Agency Decisions

The scope of review in employment discrimination cases is narrow, as courts have held that deference must be given to agency employment decisions. Though Plaintiff might wish it otherwise, the employment discrimination statutes did not transform federal courts into review boards for local employment decisions. "Title VII, it bears repeating, does not authorize a federal court to become "a super-personnel department that reexamines an entity's business decisions."" *Barbour v. Browner*, 181 F.3d 1342, 1346 (D.C. Cir. 1999) (*quoting Dale v. Chicago Tribune Co.*, 797 F.2d 458, 464 (7th Cir. 1986)). To the contrary, a court "may not 'second-guess an employer's personnel decision absent demonstrably discriminatory motive.'" *Fischbach v.*

*District of Columbia Dep't of Corrections*, 86 F.3d 1180, 1183 (D.C. Cir. 1996) (*quoting Milton v. Weinberger*, 696 F.2d 94, 100 (D.C. Cir. 1982)).

### III. Employment Discrimination and the Burden Shifting Scheme of *McDonell Douglas*

Claims of discrimination based on circumstantial evidence are traditionally analyzed pursuant to the familiar three-part burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Kersey v. Washington Metropolitan Area Transit Authority*, 586 F.3d 13, (D.C. Cir. 2009). This framework requires a plaintiff to first establish a prima facie case of discrimination by a preponderance of the evidence before proceeding with her case. *Id.* at 802; *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981); and *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000). If the employee succeeds, the burden shifts to the employer to articulate a legitimate, nondiscriminatory reason for the challenged personnel decision. *McDonnell Douglas*, 411 U.S. at 802. The employer's burden is only one of production, and it "need not persuade the court that it was actually motivated by the proffered reasons." *Burdine*, 450 U.S. at 254.

If the employer succeeds, the burden shifts back to the employee to show that the employer's proffered reason was not the true reason for its actions and was only a pretext for unlawful discrimination. *Burdine*, 450 U.S. at 253; *Colbert v. Tapella*, 649 F.3d 756, 758-59 (D.C. Cir. 2011); *Brady v. Office of the Sergeant at Arms*, 520 F.3d 490, 494 (D.C. Cir. 2008); *Aka v. Wash. Hosp. Ctr.*, 156 F.3d 1284, 1289 (D.C. Cir. 1998) (en banc). At this stage, the district court is left with "one central question: Has the employee produced sufficient evidence for a reasonable jury to find that the employer's asserted non-discriminatory reason was not the actual reason and that the employer intentionally discriminated against the employee on the basis of race, color, religion, sex, or national origin?" *Brady*, 520 F.3d at 494 & n.2; *Adeyemi v. District of*

*Columbia*, 525 F.3d 1222, 1226 (D.C. Cir. 2006) (holding that prima facie inquiry "is irrelevant when an employer has asserted a legitimate, nondiscriminatory reason for an adverse employment action"); *Downing v. Tapella*, 729 F. Supp. 88, 93 (D.D.C. 2010) (quoting *Brady*).

The employee, to survive summary judgment, must meet the employer's reason head on and show that it is "false" or otherwise "present[] enough evidence to allow a reasonable trier of fact to conclude that the [reason] is unworthy of credence." *Downing*, 729 F. Supp. 2d at 93. Where the "employer's stated belief about the underlying facts is reasonable in light of the evidence . . . there ordinarily is no basis for permitting a jury to conclude that the employer is lying about the underlying facts." *Brady*, 520 F.3d at 495. At all times, a plaintiff carries the ultimate burden of proving that the employer engaged in intentional discrimination. *Burdine*, 450 U.S. at 252-53; *Carney v. American Univ.*, 151 F.3d 1090, 1093 (D.C. Cir. 1998). It is not enough for him to establish that the employer's decision was merely unfair or even unwise. *Fischbach v. Dist. of Columbia Dep't of Corrections*, 86 F.3d 1180, 1183 (D.C. Cir. 1996). Rather, he must show that the decision was discriminatory.

## **LEGAL ARGUMENT**

### **Plaintiff's Non-Selection Claims Must be Dismissed as a Matter of Law**

Plaintiff alleges that he was not selected for the position in question on the basis of his race, in violation of Title VII. Compl. [D.I. 1]¶ 33. Because Plaintiff cannot provide sufficient evidence that the DOJ's asserted reason for hiring Mr. Ridge was not the actual reason, and that Ms. Newcomb and Ms. Gauhar intentionally discriminated against the Plaintiff, as required under *Brady* (520 F.3d at 494), DOJ is entitled to judgment as a matter of law.

To establish a prima facie case of discriminatory nonselection under Title VII, a plaintiff must show that "(1) he is a member of a protected class; (2) he applied for and was qualified for an

available position; (3) despite his qualifications he was rejected; and (4) either someone . . . filled the position or the position remained vacant and the employer continued to seek applicants." *Lathram v. Snow*, 336 F.3d 1085, 1088 (D.C. Cir. 2003) (internal quotation marks and citations omitted). However, as noted above, where a Defendant asserts a legitimate, non-discriminatory justification for the challenged action at the summary judgment stage, "the district court need not–and should not–decide whether the plaintiff actually made out a prima facie case under *McDonnell Douglas*." *Jones v. Bernanke*, 557 F.3d 670, 678 (D.C. Cir. 2009) (quoting *Brady v. Office of Sergeant at Arms*, 520 F.3d , 494 (D.C. Cir. 2008)). Therefore, a defendant who asserts a legitimate non-discriminatory reason for the nonselection is entitled to summary judgment unless the plaintiff comes forward with "sufficient evidence for a reasonable jury to find that the [defendant's] asserted non-discriminatory reason was not the actual reason and that the [defendant] intentionally discriminated against the [plaintiff][.]" *Brady*, 520 F.3d at 494.

Here, DOJ has asserted that while Plaintiff was a qualified candidate for the position, that Mr. Ridge was simply more qualified and better suited for the job. First, a cursory review of Plaintiff's two-page résumé and Mr. Ridge's six-page curriculum vitae, on their respective faces, provide the reasonable fact finder with sufficient information as to why Mr. Ridge was selected for this supervisory position. For example, while both candidates had experience working in the NSD's Office of Intelligence, and years of prosecutorial experience, Mr. Ridge had significant leadership and managerial experience. *Compare* Exh. 6 Ridge C.V. and Exh. 7 Plaintiff's résumé. More specifically, while Plaintiff had not performed supervisory duties in the past, Mr. Ridge had practiced as the Miami-Dade County State Attorney's Office division chief *as far back as 1984*, where he supervised felony trial attorneys (Exh. 6 at p. 172), was the deputy chief of the DOJ Capital Case Unit from 1998 through 2002 (*id.* at 170), and later supervised and led award

13

winning teams of attorneys at the federal level from 2008 through the time he applied for the position in question (*id.* at 169).

Second, the Deputy Chief here would be responsible for representing DOJ at inter-agency and inter-departmental high-level meetings, relating to national security issues. Exh. 2, Gauhar Resp. at Q. 35. Ms. Newcomb believed that Mr. Ridge had proved that he possessed the leadership traits that she was looking for, and which weighed in favor of selecting Mr. Ridge for the Deputy Chief position – his ability to vigorously represent the office in various meetings. Exh. 8 Newcomb Decl. ¶4. By contrast, based on her interactions in supervising Mr. Nesbitt as a line attorney, she did not perceive that he would be able to represent the office as vigorously and successfully as Mr. Ridge. *Id.* ¶ 5. In fact, Plaintiff has testified that at work he "quietly go[es] about doing his business." Exh. 9 Pl. Dep. Tr. 101:6-19.

Finally, Plaintiff makes much ado about the fact that NSD's Human Resources personnel advised him that he should submit his law school transcript and a writing sample, while Mr. Ridge's application package did not include those documents.[2] Compl. ¶¶ 14, 16, 17. The foregoing claim is wholly irrelevant because, ultimately, Ms. Newcomb has stated that "the presence or absence of particular documents in the application packages had no bearing" on her selection decision, and that she interviewed each candidate based on the information presented on their résumé, as well as her personal knowledge of each person, since all three interviewees were internal candidates. Exh. 1, Newcomb Resp. at Qs. 23, 32. Accordingly, Plaintiff's attempts to prove discrimination based on the his assertions that human resources directions to him to submit certain documents – that were not considered by the recommending or approving officials – fall far

---

[2]  Mr. Ridge's emailed application to Ms. Newcomb pointed out that he believed that his law school transcripts were on file and that he would send a writing sample, if required. Exh. 10 attached hereto, Ridge Apr. 27, 2010 email to Ms. Newcomb.

short of the necessary showing that DOJ's stated reasons for his nonselection is "false" or otherwise "present[] enough evidence to allow a reasonable trier of fact to conclude that the [reason] is unworthy of credence."  *Downing*, 729 F. Supp. 2d at 93.

## **CONCLUSION**

Based on the foregoing, the Department is entitled to judgment as a matter of law.

>
> Respectfully submitted,
>
> RONALD C. MACHEN JR., Bar # 447889
> United States Attorney
> for the District of Columbia
>
> DANIEL VAN HORN, Bar # 924092
> Chief, Civil Division
>
> By:  /s/ Mercedeh Momeni
> MERCEDEH MOMENI
> Assistant U.S. Attorney
> 555 4th Street NW
> Washington DC   20530
> Telephone: (202) 307-0821
> mercedeh.momeni@usdoj.gov

*Of Counsel:*
Janice Kaye, Esq.
U.S. Department of Justice
National Security Division
Washington, DC 20530

Dated:   January 22, 2013

**CERTIFICATE OF SERVICE**

I hereby certify that on this 22nd day of January 2013, I served a copy of the foregoing Motion for Summary Judgment and all attachments thereto, upon pro se Plaintiff via electronic mail.

_____
Mercedeh Momeni
Assistant United States Attorney

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSHUA NESBITT, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vi. | ) Civil Action No. 12-717 (RWR) |
| | )             ECF |
| ERIC H. HOLDER, JR. | ) |
| Attorney General of the United States, | ) |
| Department of Justice, | ) |
| | ) |
|     Defendant. | ) |

**[PROPOSED] ORDER**

Based upon the foregoing Defendant's Motion for Summary Judgment and the entire record herein, it is hereby ORDERED that Defendant's motion be GRANTED.   It is further ORDERED that Plaintiff Complaint is dismissed with prejudice.

_____

DATE                                                       RICHARD W. ROBERTS
                                                          United States District Judge