**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOSHUA NESBITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-717 (RCL) |
| ) | |
| ERIC H. HOLDER, JR. ) | |
| Attorney General of the United States, ) | |
| Department of Justice, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO STRIKE JURY DEMAND**

Plaintiff, Joshua Nesbitt, by and through undersigned counsel, respectfully submits his Opposition to Defendant's Motion to Strike Jury Demand [Dkt. No. 29]. As Plaintiff establishes below, Defendant ("Department of Justice" or "DOJ") has failed to demonstrate any compelling legal reason that Mr. Nesbitt's timely demand to try this case before a jury, as asserted in his complaint, has been waived, abandoned, or that it should be disregarded or set aside. For the reasons that follow, Defendant's motion should be denied.

**STATEMENT OF THE FACTS**

On May 3, 2012, Joshua Nesbitt filed suit against his employer, the Department of Justice, alleging one court of race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Compl. ¶¶ 32-33.) Specifically, Mr. Nesbitt alleged that he was denied promotion on the basis of race. This Court's

memorandum opinion of September 5, 2013, denying DOJ's motion for summary judgment, includes a statement of facts, which Plaintiff incorporates by reference here.

Pursuant to Fed. R. Civ. P. 8(a)(3),[1] Mr. Nesbitt's complaint seeks the legal remedy of compensatory damages on several bases, including "past and future non-economic losses, including emotional distress and mental anguish, impairment of quality of life, and consequential losses." (Compl. at 7, Prayer for Relief ¶ C.) In addition, Mr. Nesbitt seeks equitable remedies including "an order restraining and enjoining" the Department of Justice from committing further discriminatory acts, and "an order… promoting Plaintiff to Deputy Chief of Litigation in the Office of Intelligence retroactive to May 28, 2010." (Compl. at 7, Prayer for Relief ¶ A.)

On December 4, 2012, Plaintiff was deposed by Defendant's counsel, Ms. Mercedeh Momeni. (Def.'s Ex. A at 1; Pl.'s Ex. 1 at 1.) Plaintiff was represented at his deposition by Ms. Rani Rolston of the firm Alan Lescht & Associates.[2] During the deposition, toward the end of his testimony, Defendant's counsel examined Mr. Nesbitt about his answers to certain interrogatories. Counsel asked if Plaintiff wished to "amend or complete" interrogatory responses that he had previously provided, under oath, with answers as well as some objections. (Def.'s Ex. A at 135.) Mr. Nesbitt, during his deposition, declined the

---

[1] Rule 8 addresses general rules of pleading and states, in part, "A pleading that contains a claim for relief must contain . . . a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). Mr. Nesbitt's Complaint clearly sets forth the remedies sought and in no way limits his compensatory damages to emotional harm damages.

[2] Ms. Rolston submitted her Motion to Withdraw (Dkt. No. 11) shortly thereafter, on January 18, 2013, which states as the reason therefore that Plaintiff had elected to terminate her representation of him. That motion was granted by minute order of this Court on March 14, 2013. Undersigned counsel entered appearances on behalf of Plaintiff on December 12 and 13, 2013.

offer to supplement his answers, stating that the information requested was not relevant. (Def.'s Ex. A at 135.)

As the deposition transcript indicates, Mr. Nesbitt's counsel at that time, Ms. Rolston, and DOJ's counsel, Ms. Momeni, briefly recessed the deposition in order to have an off-the-record discussion outside the deposition room. (Def.'s Ex. A at 136.) The deposition transcript also indicates that Ms. Rolston stated that Mr. Nesbitt "is going to withdraw the seeking of compensatory damages." (Def.'s Ex. A. at 136-137.) Ms. Momeni then asserted that she would not pursue "that line of questioning anymore," and asked if Mr. Nesbitt's counsel was planning on amending the complaint, to which Ms. Rolston responded, "Right." (Def.'s Ex. A at 137.) Defense counsel made the following statement following the discussion of compensatory damages and supplementing Plaintiff's interrogatory responses: "You're not asking for comp damages, I won't ask about your parents, nieces and nephews. I'm hoping they're well." (Def.'s Ex. A at 137.) The deposition ended shortly following the discussion between counsel about compensatory damages. (Pl.'s Ex. 1 at 139.)

Before that exchange, however, near the beginning of his deposition testimony, Mr. Nesbitt was actually examined extensively about support for the compensatory damages that he seeks. The questions were not objected to, and detailed substantive responses were given on the record by Mr. Nesbitt. (Pl.'s Ex. 1 at 10-13.) Ms. Momeni prefaced her questions purportedly related to compensatory damages with this remark: "I'm going to have to ask you a few personal questions because of compensatory damages at issue, so I don't mean to pry, but it is the nature of the civil suit, sir." (Pl.'s Ex. 1 at 10.) The examination regarding compensatory damages (by Defendant's counsel's own description) begins at page 10 of the

3

deposition and ends on page 13. Every question asked was answered, and no objections were asserted either by Mr. Nesbitt or his counsel. (Pl.'s Ex. 1 at 10-13.)

In addition to his deposition testimony given about compensatory damages, Mr. Nesbitt similarly responded to interrogatories addressing compensatory damages. (Def.'s Ex. B.) Interrogatory Number 7, which was addressed at Mr. Nesbitt's deposition, is set forth fully, along with Mr. Nesbitt's answer, as follows:

> 7. Identify each and every physical, emotional or mental illness, injury, ailment, loss, disability and/or other condition for which you have sought or received treatment at any time in the last ten (10) years, including in your answer the nature and extent of such condition, the names and addresses of each doctor, psychologist, therapist, counselor, health care practitioner, hospital, or other physical or mental health care provider from whom or which you sought or received treatment, each diagnosis and dates of diagnosis made by any such provider, and dates and costs of treatment.

Answer:

> Plaintiff objects to production of medical documents on the basis that the information sought is not relevant or likely to lead to any admissible evidence.
>
> <u>Plaintiff has not sought any medical treatment of pain and suffering as a result of Defendant's nonselection of Plaintiff</u>.

(Def.'s Ex. B at 6) (Emphasis added). Other interrogatories followed similarly asking Mr. Nesbitt to identify any mental or emotional illness and any treating physicians, all of which Mr. Nesbitt answered. (Def.'s Ex. B at 6-7.) Defendant never sought to compel more complete responses to its interrogatories, nor did it seek to compel answers to any discovery over any objections that had been asserted by Plaintiff.

Compensatory damages are expressly sought in the Complaint filed by Mr. Nesbitt, and his Complaint includes an express demand for trial by jury. (Compl. at 1, 7.) Plaintiff

4

has not executed any document withdrawing or waiving his jury demand; nor has Mr. Nesbitt made any request or motion to amend the complaint. Consequently, there has been no amendment to the complaint altering the relief originally sought.

## ARGUMENT

Defendant's motion to strike Mr. Nesbitt's jury demand is devoid of merit because it simply lacks "an arguable basis in law and fact." *Brandon v. District of Columbia Board of Parole*, 734 F.2d 56,59 (D.C. Cir. 1984). The Department of Justice has, in its motion, more or less accurately stated the law regarding the availability of a jury trial in Title VII cases. The same cannot be said, however, for its application of that law or its wholly illusory statement of facts. The Department of Justice has, in its motion, deceptively omitted critical facts, including the fact that Plaintiff did provide answers to the questions raised in discovery regarding compensatory damages. In addition, the Department of Justice failed to point out that Plaintiff's complaint was never amended— an action so significant that it requires written consent or leave of Court, neither of which were present here. Fed. R. Civ. P. 15(a)(2).

Even if the Court should find that Mr. Nesbitt has withdrawn certain compensatory damages—a claim that he disputes—it is clear on this record that he has not withdrawn *all* such damages. Mr. Nesbitt's complaint seeks compensatory damages not grounded solely in emotional distress, but that include other non-economic losses for impairment of his quality of life. No argument has been offered that those damages have been waived; indeed, none can be found. There is no legitimate argument that can be advanced by the Department of Justice that *all* compensatory damages have been waived. In its zeal to restrict Mr. Nesbitt's rights, DOJ has chosen to gloss over this material fact in its motion.

At each step, Defendant has made strategic decisions in an attempt to legitimize the alleged agreement that Plaintiff would withdraw his claim for compensatory damages, and with it, his right to a jury trial.  Indeed, Defendant made strategic decisions to abandon a line of examination at Plaintiff's deposition, to fail to move to compel answers to discovery, and to close its eyes to this Court's requirements in the federal rules for amendments to complaints.  These are not decisions for which DOJ should be relieved, and they lend no great credence to the terms of any agreement DOJ believed it had reached at Plaintiff's deposition.  There is no demonstrable prejudice to Defendant if its motion is denied, given that it already has the relevant information that it sought in deposition discovery.  To the contrary, if any party is prejudiced here, it is Mr. Nesbitt; he bore the attorney fees and costs associated with responding to the frivolous motion filed by the Department of Justice.  Accordingly, Plaintiff asks that the Court award him his fees and costs for the preparation and filing of this response.

> I.  Plaintiff Is Entitled To A Trial By Jury And He Has Not Abandoned His Claim For Compensatory Damages.

DOJ's Motion to Strike Jury Demand not only attempts to deprive Mr. Nesbitt of his statutory right to trial by jury, but also seeks to gut his remedies.  Mr. Nesbitt cannot be made whole without compensatory damages should he prove his case of intentional discrimination. Victims of employment discrimination are entitled to "the most complete makewhole relief possible." *Peyton v. DiMario*, 287 F.3d 1121, 1126 (D.C. Cir. 2002); *see also Berger v. Iron Workers Reinforced Rodmen, Local 201*, 170 F.3d 1111, 1139 (D.C. Cir. 1999); *Thompson v. Sawyer*, 678 F.2d 257, 290 (D.C. Cir. 1982).  Moreover, he never entered any notice of withdrawal or amendment of his Complaint, and therefore his compensatory damages claim, stated clearly in his Complaint, remains intact.

### A. Mr. Nesbitt Never Formally Withdrew His Claim for Compensatory Damages Claim.

Neither Mr. Nesbitt, nor his attorneys, ever filed a notice to withdraw his compensatory damages claim or a motion to amend his Complaint. Pursuant to Fed. R. Civ. P. 15(a)(2), a complaint can only be amended by written consent or leave of Court, neither of which were present here. It is also well-settled that a party has a right to a trial by jury when that demand is properly made unless "the parties or their attorneys file a stipulation to a nonjury trial or stipulate on the record." Fed. R. Civ. P. 39(a)(1). Neither of these actions ever occurred; Mr. Nesbitt's Complaint remains intact.

In its motion, DOJ turns a blind eye to this requirement; but its counsel is certainly not ignorant of the requirement. Indeed, during Mr. Nesbitt's deposition, Ms. Momeni specifically asked, "Are you going to amend the complaint to let the court know or just file a notice? However you want to do it." (Def.'s Ex. A at 137.) Months later, DOJ now instead seeks to convert the statement by then counsel for Mr. Nesbitt attempting to withdraw the claim for emotional harm compensatory damages to a "stipulation" for non-jury trial; it does not work that way. Simply stated, DOJ's request to "read out" the requirements of Rule 39 invites error. To do so would be wholly inconsistent with the plain language of the rule requiring *a stipulation to a non-jury trial* and entirely inconsistent with the scope and purpose of the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. A non-jury trial stipulation is hardly the same thing as a statement not to pursue certain compensatory damages. Following the deposition, DOJ made no effort to follow up with counsel for Plaintiff to make clear the ramifications of a case with no claim for compensatory damages. Instead, Defendant wastes the time of this Court and Plaintiff's counsel in addressing its ill-considered motion.

This stricture was placed in the rules for good reason—a plaintiff's abandonment of his rights is a weighty act. No mistake should be made here—striking Mr. Nesbitt's compensatory damage claim would greatly diminish his rights under Title VII. A brief review of the legislative history of Title VII demonstrates the lengths to which Congress went to ensure that the right to compensatory damages was available to victims of discrimination. Prior to 1991, Title VII only provided for equitable remedies. *See* 42 U.S.C. § 2000e-5(g)(1) (providing for reinstatement, back pay and "any other equitable relief as the court deems appropriate"). The 1991 amendments added the legal remedies of compensatory and punitive damages. 42 U.S.C. § 1981a(a)(1).[3] A jury trial is available only to a Title VII plaintiff who maintains a claim for compensatory or punitive damages. *Landgraf v. USI Film Products*, 511 U.S. 244, 281 (1994).

The Department of Justice has set forth no legitimate reason why Mr. Nesbitt should be limited in any way regarding the relief sought as compensatory damages. Such limitation would bar Mr. Nesbitt from being made whole, a restriction that courts are reticent to direct in the face of Title VII's mandate to grant victims of discrimination the most complete relief possible. *See Bass v. Tanoue*, No. 00-115 DAR, 2001 WL 1659158 at *3 (D.D.C. Dec. 21, 2001)(*citing Lander v. Lujan*, 888 F.2d 153 (D.C. Cir. 1989)). This Court should likewise refrain from restricting Mr. Nesbitt's rights, and deny Defendant's Motion to Strike.

      B.      Even if the Court finds Mr. Nesbitt Abandoned Pain and Suffering Damages, He Still Has Claims for Other Compensatory Damages.

A victim of intentional discrimination is entitled to compensation for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other

---

[3] Plaintiff concedes, as he must, that punitive damages are not available in this case against his employer, the federal government.

nonpecuniary losses.  42 U.S.C. § 1981a(b)(3).  "Other nonpecuniary losses" have been found to encompass injury to professional standing as well as injury to character and reputation.  *Schroer v. Billington*, 106 Fair Empl. Prac. Cas. (BNA) 594 (D.D.C. 2009).  DOJ's arguments that Mr. Nesbitt has waived his right to pursue any compensatory damages wholly ignore the fact that he has sought other nonpecuniary losses, not simply damages for emotional harm and pain and suffering.  Such losses also constitute compensatory damages, and entitle him to a trial by jury.

At no time during any proceedings can it reasonably be argued that Mr. Nesbitt ever intended to abandon his right conferred by statute to pursue his nonpecuniary losses related to his injury to professional standing and professional reputation; the same can be said for his right to pursue his damages related to emotional harm, pain, and suffering.  Mr. Nesbitt discussed extensively these injuries throughout his deposition and in the written discovery provided in the case.

The line of inquiry to which Mr. Nesbitt took issue at his deposition was directed at his physical and mental health.  Even if the Court were to consider the purported "withdrawal" of certain compensatory damages, it is clear on the record before the Court that there was no meeting of the minds aimed at a determination to withdraw all compensatory damages.  To be sure, no medical or mental health condition would affect the award of compensatory damages for the loss of attorney supervision experience since 2010, the loss of section and office management experience since 2010, the diminished job satisfaction experienced by Mr. Nesbitt since 2010, or the impairment of Mr. Nesbitt's ability to qualify for existing and future promotion opportunities which require prior supervisory or management experience.  All of these are consequential losses for which the

proximate cause is DOJ's discriminatory denial of promotion. Thus, they are compensatory damages in the form of nonpecuniary losses. As such, he is entitled to proceed with a jury trial, as requested in his Complaint.

II. Defendant Has Suffered No Prejudice And Pretrial Proceedings And The Trial Should Proceed On The Schedule As Ordered.

The deposition of Mr. Nesbitt took place over a year ago, on December 4, 2012. (Def.'s Ex. A at 1; Pl.'s Ex. 1 at 1.) Every argument that DOJ made in its Motion to Strike included information and arguments that were available to it and easily could have been raised and addressed long before now. DOJ should not be permitted to use this belated tactic to delay proceedings at this late stage. The Department of Justice has all the information to which it is entitled to defend this action and there is no resulting prejudice to proceeding with the current schedule.

Plaintiff wishes to be clear that he is offering no expert testimony or diagnosis in support of his claims of emotional loss, pain, or suffering. Moreover, so-called "garden variety" claims, such as the ones asserted here by Plaintiff, do not require a party to proffer either treating or forensic therapeutic professional's testimony. *See, e.g., Koch v.* Cox, 489 F.3d 384 at 388 (D.C. Cir. 2007*); St. John v.* Napolitano 274 F.R.D. 12 at 18 (D.D.C. 2011). In fact, as Mr. Nesbitt stated in his discovery responses, he has not undergone any treatment, so there would be no medical records to produce in any event; Mr. Nesbitt is not pursuing such claims. There is no need for additional discovery or for further delay.

## **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that Defendant's Motion to Strike Jury Demand be denied and that Plaintiff be awarded his attorney fees and costs associated with responding to the motion.

Respectfully Submitted,

/s/ Sharon Y. Eubanks
Sharon Y. Eubanks, D.C. Bar No. 420147
Catharine E. Edwards D.C. Bar No. 100457

**Edwards Kirby**
2000 P. St., NW, Suite 300
Washington, D.C. 20036
Phone:  202-223-2732
Seubanks@edwardskirby.com
Cedwards@edwardskirby.com

Date:  January 10, 2014

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2014, I electronically filed the foregoing "PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STRIKE JURY DEMAND" with the Clerk of Court using the CM/ECF system, which will automatically send electronic notification of such filing to the following counsel of record:

>Mercedeh Momeni, Esq.
>Assistant U.S. Attorney
>555 4th Street, NW
>Washington, D.C. 20530

>/s/ Sharon Y. Eubanks
>Sharon Y. Eubanks, D.C. Bar No. 420147
>
>**Edwards Kirby**
>2000 P. St., NW, Suite 300
>Washington, D.C. 20036
>Phone:  202-223-2732
>Seubanks@edwardskirby.com