## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **JOSHUA NESBITT** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil No. 12-717 (RCL)** |
| | ) | |
| **ERIC H. HOLDER, JR.,** | ) | |
| **ATTORNEY GENERAL,** | ) | |
| **U.S. DEPARTMENT OF JUSTICE** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION</u>

Before the Court is the defendant's Motion to Strike Jury Demand [29]. Upon consideration of that motion, the plaintiff's Opposition [32] thereto, and the Reply [35], the Court DENIES the defendant's motion.

## I.     BACKGROUND

Joshua Nesbitt, an African-American attorney, filed suit against his employer, the United States Department of Justice ("the Department"), alleging one count of race discrimination in violation of Title VII of the Civil Rights Act of 1964. On September 5, 2013, the Court denied the Department's motion for summary judgment and provided a lengthy account of the facts in that opinion. *Nesbitt v. Holder*, Civil No. 12-717, ECF No. 26, 2013 WL 4763416 (D.D.C. Sept. 5, 2013). For purposes of the present opinion, the Court will highlight only those facts relevant to the Department's motion.

In his Complaint, Mr. Nesbitt sought compensatory damages and demanded a trial by jury on all claims.  Complaint, ECF No. 1, at 7.  As part of discovery, the Department deposed Mr. Nesbitt on December 4, 2012, and the following exchanged occurred:

> **Q.** Anything else you wish to amend or complete? This is your chance to give us complete answers.
>
> **A.** I've been doing that.
>
> **Q.** That's great. No, no, I mean, if there's anything missing here, you're welcome to.
>
> **A.** Okay.
>
> **Q.** So on page six, question number seven, we had asked you to identify each and every physical, emotional or mental illness, injury, ailment, loss, disability and/or condition for which you have sought or received treatment at any time within the last ten years. I presume that all your answers are
>
> listed here, all the information that would be responsive to that question are listed here?
>
> **A.** No, because I don't believe that any medical ailments that I may have had in the last ten years are relevant to this employment discrimination claim. I've had a TS, top secret, SCI, sensitive compartmented information, clearance since before I joined the Office of Intelligence and so I would not have been able to obtain and maintain that level of clearance had I had any psychiatric or psychological issues and I've not seen a psychiatrist or psychologist or any other mental health professional.
>
> **Q.** Let's back up a second. You're telling me that there may be conditions, medical conditions, not psychiatric or psychological, not mental illness, but physical illness, there may be issues there, may or may not be issues there, but you feel like they're irrelevant to this litigation?
>
> **A.** I'm telling you that medical issues -- I'm not talking about the existence or nonexistence -- I'm just saying medical issues, my physical health, is not relevant to this investigation.
>
> **Q.** I'm not doing an investigation, sir, you've brought --
>
> **A.** Well, this case is regarding employment discrimination. There's nothing in the allegations that I've made that put my health at issue.
>
> **MS. MOMENI** [government counsel]: Rani, can we speak outside, please? Let's go off the record.
>
> **MS. ROLSTON**: Sure.
>
> *(Brief recess taken)*

**MS. ROLSTON** [plaintiff's counsel]: Back on the record.     After speaking with Mr. Nesbitt, he is going to withdraw the seeking of compensatory damages.

**MS. MOMENI**: Okay, so we won't pursue that line of questioning anymore then. We're done with that. Are you going to amend the complaint to let the court know or just file a notice? However you want to do it.

**MS. ROLSTON**: Right.

**MS. MOMENI**: But it's now on the record as well. Okay, thank you very much.

Mot. to Strike Jury Demand, ECF No. 29, Ex. 1 (Dep. of Joshua Nesbitt, Dec. 4, 2012) at 135–37 [hereinafter Gov't's Mot. & Nesbitt Dep.].

The Department argues that Mr. Nesbitt has withdrawn his claim for *all* compensatory damages and—as Title VII permits a jury trial only when the plaintiff seeks compensatory damages—filed the present motion to strike the plaintiff's jury demand.  For the reasons outlined below, the Court denies the Department's motion.

## II.    LEGAL STANDARD

"The United States, as sovereign, is immune from suit save as it consents to be sued  . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."  *Lehman v. Nakshian*, 453 U.S. 156, 160 (1981).  As such, rights normally attendant to civil trials, including the Seventh Amendment right to a jury trial, do not apply in suits against the federal government without the unequivocal and express consent of the United States.  *Id.*

Although Title VII waives sovereign immunity in federal employment discrimination cases, the statute limits the availability of a jury trial to cases in which the plaintiff seeks compensatory damages.  42 U.S.C. § 1981a(b)(1); § 1981a(c).  Compensatory damages are defined as "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses."  *Id.* § 1981a(b)(3).

If a Title VII plaintiff seeks compensatory damages and desires a jury trial, Federal Rule of Civil Procedure 38 requires that the jury trial demand be specified in the pleadings. Once a demand is made, Rule 39(a) requires a jury trial unless "the parties or their attorneys file a stipulation to a nonjury trial or so stipulate on the record." If no demand is made, Rule 39(b) provides that "the court may, on motion, order a jury trial on any issue for which a jury might have been demanded."

Based upon Rule 39,[1] the government argues that Mr. Nesbitt's deposition statements effectively "withdrew his claim for compensatory damages, thus relinquishing any right to a jury trial." Gov't Mot. 6. Because statements made during depositions are insufficient to satisfy Rule 39(a), the Court disagrees.

## III.   ANALYSIS

In order to retract a prior jury trial demand, Rule 39(a) requires either (1) a filed stipulation to a bench trial; or (2) an oral stipulation "on the record." The first method does not apply here, and courts examining the latter have uniformly held that "stipulate on the record" means an express waiver in open court. *See, e.g.*, *Solis v. Cnty. of Los Angeles*, 514 F.3d 946, 954 (9th Cir. 2008) (Rule 39(a) waiver must "be made by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record."); *Black, Sivalls &*

---

[1]  Though the government purports to make its motion under Rule 39(b), the Court agrees with the plaintiff that Rule 39(a) is the applicable provision. Under the plain language of the statute, section (a) applies where, as here, a demand has been properly made, while (b) applies when no demand has been made. Even if the Court construed Mr. Nesbitt's statements as analogous to situations where the plaintiff fails to make a demand and thus waives the right to a jury trial, "[r]elief from that waiver [must] be found, if available at all, in an exercise of discretion" by this Court. *Bush v. Allstate Ins. Co*., 425 F.2d 393, 396 (5th Cir. 1970). And, "when the discretion of the court is invoked under Rule 39(b), the court should grant a jury trial in the absence of strong and compelling reasons to the contrary." *Id*. The government has provided no such reasons. Title VII was intended to provide "the most complete makewhole relief possible" to discrimination plaintiffs, *Peyton v. DiMario*, 287 F.3d 1121, 1126 (D.C. Cir. 2002). Without compelling reasons to do so, the Court will not interpret one isolated statement as an unequivocal waiver of *all* compensatory damages.

*Bryson, Inc. v. Keystone Steel Fabrication, Inc*., 584 F.2d 946, 949 (10th Cir. 1978) (finding Rule 39(a) satisfied where party "specifically waived in open court its right to a jury"); *Taylor v. Gulf States Utilities Co*., 375 F.2d 949, 950 (5th Cir. 1967) (Rule 39(a) waiver "requires the concurrence by oral stipulation in court of all counsel"); *Collins v. Gov't of Virgin Islands*, 366 F.2d 279, 286 (3d Cir. 1966) (Rule 39(a) requires "oral stipulation made in open court consenting to trial by the court sitting without a jury.") *DeGioia v. U.S. Lines Co*., 304 F.2d 421, 427 (2d Cir. 1962) ("[O]nce a demand for jury trial has been properly made it can be waived only by an oral stipulation made in open court.").  Indeed, prior to the 2007 amendments, the Rule stated that a waiver was valid only upon a "written stipulation filed with the court or by an oral stipulation made in open court and entered in the record."  Though the current version does not spell out that "on the record" means "in open court," the advisory committee noted that this change was "intended to be stylistic only" and was "part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules."  Fed. R. Civ. P. 39 advisory committee's notes; *see also Solis*, 514 F.3d at 954 & n.8 (holding that notwithstanding the change in the statutory language, a valid retraction of a properly-made jury demand must be made in open court).

Thus, even assuming that Mr. Nesbitt expressed intent to withdraw his jury trial demand, that intent was not manifested in the method required by the Federal Rules of Civil Procedure. Government counsel appeared to recognize the incomplete nature of the withdrawal when she asked whether the plaintiff would "amend the complaint to let the court know or just file a notice."  Mot. to Strike, Ex. 1 (Excerpt of Dep. of Joshua Nesbitt, Dec. 4, 2012), at 137.  Mr. Nesbitt has done neither.  The Court therefore finds that he has not retracted his demand for a jury trial.

Moreover, as always, context is key.   Read in the proper context, Mr. Nesbitt's statements at the deposition do not amount to a *complete* waiver of compensatory damages. Consistent with his statements at the deposition, Mr. Nesbitt maintains that he is not pursuing damages based upon any medical diagnosis.  Pl.'s Opp., ECF No. 32, at 10.   Throughout the deposition, Mr. Nesbitt answered several questions relevant to compensatory damages.  It was not until the questions waded into his mental and physical health that Mr. Nesbitt became uncomfortable, apparently because of the potential effect of such ailments on his security clearance.   Nesbitt Dep. 135.   Mr. Nesbitt repeatedly stated his view that "medical ailments," "medical issues," and his "physical health" were irrelevant to this litigation.  *Id*. at 135–36; *see also id*. at 136 ("[T]his case is about employment discrimination. There is nothing in the allegations I've made that put my health at issue.").   It is in this context that Mr. Nesbitt's attorney stated that he would "withdraw the seeking of compensatory damages."  *Id*.  Declining to seek compensatory damages for diagnosed physical and mental ailments has no effect on the plaintiff's ability to seek the other compensatory relief permitted under Title VII, including future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

Finally, to the extent that Mr. Nesbitt intends to seek compensatory damages for *undiagnosed* mental anguish or emotional distress, the government is entitled to discovery. Additionally, given Mr. Nesbitt's statement during his deposition, the government is also entitled to discovery as to all other forms of compensatory damages sought by Mr. Nesbitt.  In its brief, the government argues that, having forgone all discovery regarding compensatory damages after the deposition, it would be prejudiced if Mr. Nesbitt is permitted to seek such damages at trial.

At the pretrial conference, the government should be prepared to detail what additional discovery it would seek regarding compensatory damages.

A separate Order consistent with this Memorandum Opinion shall issue this date.

Signed by Royce C. Lamberth, United States District Judge, on April 2, 2014.