UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOSHUA NESBITT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-717 (RCL) |
| | ) | ECF |
| ERIC H. HOLDER, JR., | ) | |
| Attorney General of the United States | ) | |
| Department of Justice | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE
THE TESTIMONY OF MESSRS. KRIS AND CARLIN**

In conformity with Federal Rules of Evidence 401 402, and 403, Defendant Eric H. Holder,

Attorney General of the United States Department of Justice (DOJ or the Department),

respectfully submits this motion *in limine* to exclude from trial the testimony of David Kris and

John Carlin because neither individual has any relevant information to offer the fact-finder in this

matter.   In support of this motion, the Department states as follows.

**<u>Background</u>**

At issue in this employment discrimination matter is Plaintiff's non-selection to a GS-15

first-line supervisory position, in the Litigation Section of the Office of Intelligence (OI) in the

National Security Division (NSD or the Division) of the Department, in 2010.   Compl. (D.I. 1).

The selection decision was made at the recommendation of Nancy Newcomb, the Litigation

Section Chief, who served as the selecting official.   The appointing official was Tashina Gauhar,

Deputy Assistant Attorney General for Intelligence in the NSD, who approved Newcomb's

recommendation.

Plaintiff states that he intends to call Mr. Kris (the former NSD Assistant Attorney General) and may call Mr. Carlin (the current NSD head) to testify during the upcoming trial. Joint Pretrial Statement (PTS) (D.I. 40 at 10-11).   The Department objects to the proposed testimony of both individuals as irrelevant, pursuant to Federal Rules of Evidence 401.

<u>Argument</u>

## I. Plaintiff Should be Precluded from Calling Mr. Kris to Testify in This Case Because Mr. Kris Has No Knowledge of Relevant Matters

Plaintiff claims that Mr. Kris is expected to testify "about the policies, procedure and protocols, if any, that were in place at the time for creating and filling management jobs within his Division.   He also will offer testimony on his role in the hiring process."[1]

Under Fed R. Evid. 402, "[e]vidence which is not relevant is not admissible."   To be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.   Pursuant to Rule 403, evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.   <u>See</u> also Wright & Graham, <u>Federal Practice and Procedure: Evidence</u> § 5200.   Unfair prejudice has been defined as an undue tendency to suggest a decision on an improper basis, commonly an emotional one. *Id.* § 5209.   Confusion of issues

---

[1] Plaintiff further states that "Mr. Kris is a former employee of the Department of Justice. Counsel for Defendant does not agree to make him available for testimony in this case, despite his involvement in relevant matters as indicated in proposed trial exhibits."   PTS at 10.   First, as a former government employee, the Department has no control over Mr. Kris's availability and therefore will be unable to produce him for trial.   Upon information and belief, *Mr. Kris now resides in the State of Washington.*   Second, the attached emails to which Plaintiff refers only mention Mr. Kris in passing.   He is neither the sender nor recipient of those emails, and as noted above.

generally occurs when the proffered evidence has a tendency to lead to litigation of collateral issues.   See e.g., Caldera v. Eastern Airlines, 705 F.2d 778 (5th Cir. 1983).

On April 1, 2014 the undersigned forwarded Mr. Kris's affidavit in which he declares, under penalty of perjury, that in March 2009 he was appointed by the President and confirmed by the United States Senate as the Assistant Attorney General for National Security, and resigned from the position in March 2011.   As the Assistant Attorney General, he was responsible for the operation "of the entire National Security Division, which consisted of the Office of Intelligence, Counterterrorism Section, Counterespionage Section, Foreign Investment Review Staff, Office of Justice for Victims of Overseas Terrorism, Executive Office, and Front Office.   Each constituent office was headed by or reported to a Deputy Assistant Attorney General or other senior official on my staff who handled day-to-day management including personnel matters."   Exh. 1, 2014 Kris Aff. ¶ 1, attached hereto.

Mr. Kris then states that, "[e]ach constituent office was headed by or reported to a Deputy Assistant Attorney General or other senior official on my staff who handled day-to-day management including personnel matters."   Id.   Importantly, Mr. Kris declares,

> I do not recall any special policies, procedures and protocols that may have been in place for creating and filling management jobs at that time.   This would have been the responsibility of the Human Resources office, which was part of the National Security Division's Executive Office.

> The Deputy Assistant Attorney General for Intelligence was responsible for managing the Office of Intelligence, which consisted of three sections each managed by a Chief – Operations, Oversight and Litigation.   I understand that in 2010, the position of Deputy Chief of the Litigation Section of the Office of Intelligence was created and filled.

> I do not recall the creation or hiring process for this position.   I do not recall the plaintiff, the selectee, or any other applicant for this position.   I assume that I would have been advised of a new management position like this one for the purpose of objecting to its creation, but I do not recall playing any significant role in creating or filling the position.

*Id*. ¶¶ 2-4.

It is clear that Mr. Kris had no direct involvement in the acts and omissions at issue and was unaware of the policies, procedures and protocols during relevant times.   It would be a "waste of time" to compel him to testify.   FRE 403.   Therefore, Plaintiff should be precluded from calling Mr. Kris as a witness.

**II.  Plaintiff Should be Precluded from Calling Mr. Carlin to Testify
    Here Because Mr. Carlin Has No Knowledge of Relevant Matters**

Plaintiff wishes to call Mr. Carlin to testify in the event Mr. Kris that cannot or is precluded from testifying.   PTS at 11.   As is the case with Mr. Kris, Mr. Carlin has no testimony of any relevance to offer this Court, in this matter.   Specifically, Mr. Carlin only joined the Division in July 2011, more than a year *after* the relevant time frame.   Carlin Aff. ¶ 1, attached hereto as Exh. 2.   Thus, Mr. Carlin was not involved in, and is not personally familiar with, the details of the creation, hiring and selection process for the position at issue.   *Id*. ¶ 3.   The Department is at a loss why Plaintiff has placed Mr. Carlin on his may call list, and he should not be permitted to call Mr. Carlin to testify, pursuant to Federal Rules of Evidence 401 – 403.

Respectfully submitted,

RONALD C. MACHEN JR.
D.C. BAR # 447889
United States Attorney for the District of Columbia

DANIEL F. VAN HORN
D.C. BAR # 924092
Civil Chief

By: _____//s//_____
MERCEDEH MOMENI
Assistant United States Attorneys
555 4th Street, N.W.
Washington, D.C. 20530
(202) 252-2515
Mercedeh.momeni@usdoj.gov

*Of Counsel:*
Janice Kaye, Esq.
United States Department of Justice
National Security Division

April 7, 2014