UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA NESBITT,<br><br>       Plaintiff,<br><br>   v.<br><br>ERIC H. HOLDER, JR.,<br><br>       Defendant. | Case No. 12-717 (RCL) |

## PRETRIAL ORDER

On April 9, 2014, the parties appeared for a pretrial conference in the above-captioned case. Upon consideration of the parties' Joint Pretrial Statement [40], the arguments of counsel at the pretrial conference, the parties' motions *in limine*, and the oppositions and replies thereto, it is hereby

ORDERED that plaintiff's Motion [37] to exclude any references to the race of high-ranking Department of Justice officials is DENIED AS MOOT in light of counsel's statement at the pretrial conference that the defendant will not make any references or elicit testimony regarding this issue at trial; and it is further

ORDERED that plaintiff's Motion [38] to exclude any references to other legal action involving plaintiff is DENIED—the plaintiff's role in his sister's prosecution for forgery and grand larceny, which occurred during the relevant time period, is probative as to the plaintiff's compensatory damages for emotional distress and mental anguish; and it is further

ORDERED that defendant's Motion [39] is DENIED as to the exclusion of the memorandum of Janice Kaye as the Court finds that defendant has waived objection to

evidentiary use of the document by incorporating the document in its interrogatory responses and document productions; and it is further

ORDERED that defendant's Motion [39] is GRANTED as to the exclusion of post-selection events as such events are not probative of racial discrimination in the selection decision; and it is further

ORDERED that defendant's Motion [43] to exclude the testimony of David Kris and John Carlin is GRANTED; and it is further

ORDERED that leave to file the plaintiff's Supplemental Memorandum [49] is GRANTED and the defendant's Motion [50] to strike the Memorandum [49] is DENIED; and it is further

ORDERED that the defendant's objection to the testimony of Michelle Davidson is OVERRULED as Ms. Davidson's testimony, as an individual interviewed for the position at issue, is relevant to the question whether the selection process was tainted with racial discrimination; and it is further

ORDERED that the defendant's objection in the Joint Pretrial Statement [40] to the testimony of David Farnham is OVERRULED as Mr. Farnham's testimony is relevant to the damages sought by the plaintiff; and it is further

ORDERED that the defendant's objection to the plaintiff's testimony regarding prior race discrimination during his tenure with the Department of Justice is OVERRULED as this testimony is relevant to the compensatory damages sought by plaintiff. A limiting instruction to this effect shall be included in the jury instructions.

**IT IS SO ORDERED.**

Signed by Royce C. Lamberth, U.S. District Judge, on April 16, 2014.