UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSHUA NESBITT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-717 (RCL) |
| ) | ECF |
| UNITED STATES DEPARTMENT ) | |
| OF JUSTICE ) | |
| ) | |
| Defendant. ) | |

## STIPULATION OF SETTLEMENT AND DISMISSAL

Plaintiff, Joshua Nesbitt, Plaintiff, and Defendant, United States Department of Justice (DOJ or the Department), by and through the United States Attorney for the District of Columbia, hereby agree and stipulate that the above-captioned civil action shall be settled and dismissed on the following terms:

1. <u>Settlement Payment</u>.  Defendant shall pay plaintiff the total sum of $225,000. This payment shall be made by an electronic transfer of funds as specified in instructions provided to defendant's counsel by Plaintiff's counsel in writing.  Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by the Department of Justice and the Department of the Treasury, following the dismissal of the above-captioned civil action pursuant to Paragraph 3 hereof.  Plaintiff and his counsel shall co-operate with DOJ to insure that all documentation required to process this payment is complete and accurate.  This payment is inclusive of Plaintiff's attorney's fees, costs, and other litigation expenses, and defendant shall have no further liability for those fees, costs, and expenses.  Plaintiff and his counsel shall be responsible for the distribution of the payment among themselves.

2. <u>OWBPA Compliance</u>.  Plaintiff shall have twenty-one (21) calendar days, commencing on April 25, 2014, to consider this Stipulation.  If Plaintiff chooses to sign this Stipulation before this 21-day consideration period has elapsed, Plaintiff acknowledges that his decision to accept such a shortening of the period is knowing and voluntary, and has not been induced by any threat, promise, or other representation attributable to DOJ or its employees or agents, including without limitation any threat to withdraw or alter any of the terms hereof prior to the expiration of the 21-day consideration period.  Plaintiff may revoke his agreement to this Stipulation during the seven (7) calendar day period following his execution hereof.  Such revocation must be in writing and delivered to Defendant's counsel on or before the seventh calendar day after the date on which plaintiff signs this Stipulation.  Plaintiff is advised to consult with an attorney prior to signing this Stipulation.  By their signature below, Plaintiff's counsel represent that: (i) they have served as Plaintiff's attorneys with respect to this matter; (ii) they have examined this Stipulation and have discussed its terms with Plaintiff; and (iii) they believe that the requirements set forth in 29 U.S.C. § 626(f)(1)(A) - (G) have been fully satisfied in connection with this settlement agreement.

3. <u>Dismissal with Prejudice</u>.  Unless Plaintiff timely exercises his right to rescind this Stipulation as provided in paragraph 2 hereof, the Department's counsel may file the fully executed Stipulation with the Court at any time after the expiration of the seven (7) calendar days after the date on which the Stipulation was signed by plaintiff, and such filing shall constitute a dismissal of the above-captioned civil action with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii).

4. <u>Release</u>.  This Stipulation provides for the full and complete satisfaction of all claims which have been or could have been asserted by Plaintiff in the above-captioned civil action

and any pending administrative complaints, including without limitation all claims for compensatory damages, back pay, front pay, costs, attorney's fees, and interest or other compensation for delay, and Plaintiff agrees not to hereafter assert any claim or institute or prosecute any civil action or other proceeding against the defendant, the Department, or the United States, its agencies or officials, or its present or former employees or agents, in either their official or individual capacities, with respect to any event complained of therein.  Plaintiff hereby fully and forever releases and discharges the defendant, the Department, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from any and all rights and claims of every kind, nature, and description, whether presently known or unknown, which plaintiff now has or may have arising out of or in connection with any event occurring on or before the date on which he has executed this Stipulation, including without limitation any rights or claims under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the Age Discrimination in Employment Act of 1967, the Rehabilitation Act of 1973, the Civil Service Reform Act of 1978, the Older Workers Benefit Protection Act of 1990, the Civil Rights Act of 1991, and the Family and Medical Leave Act of 1993, all as amended and currently in effect.  In connection with this release, Plaintiff acknowledges that he is aware that he may hereafter discover rights or claims presently unknown and unsuspected, or facts in addition to or different from those which he now knows with respect to the rights and claims released herein.  Nevertheless, Plaintiff agrees, through this Stipulation, to settle and release all such rights and claims; provided, however, that nothing in this Stipulation shall affect: (i) any rights or claims that may arise after the date Plaintiff signs this Stipulation, except for claims involving alleged discriminatory compensation decisions or practices that occurred before the date plaintiff signs this Stipulation which may affect Plaintiff's future

compensation, or (ii) Plaintiff's right or entitlement to any retirement, health, or similar employee benefits that are available generally to present and former Department employees based on their federal service.

5. **No Assignment.** Plaintiff represents and warrants that he is the sole lawful owner of all the rights and claims which he has settled and released herein, and that he has not transferred or assigned any of those rights and claims or any interest therein. Plaintiff shall indemnify, hold harmless, the Department, and the United States, its agencies and officials, and its present and former employees and agents, in their official and individual capacities, from and against any transferred, assigned, or subrogated interests in those rights and claims.

6. **No Admission of Liability.** This Stipulation has been entered into by Plaintiff and Department solely for the purposes of compromising disputed claims without protracted legal proceedings and avoiding the expense and risk of such litigation. Therefore, this Stipulation is not intended and shall not be deemed an admission by either party of the merit or lack of merit of the opposing party's claims and defenses. Without limiting the generality of the foregoing, this Stipulation does not constitute, and shall not be construed as, an admission that Department, or any of the Department's present or former employees or agents violated any of Plaintiff's rights or any laws or regulations, or as an admission of any contested fact alleged by Plaintiff in connection with this case or otherwise. This Stipulation may not be used as evidence or otherwise in any civil or administrative action or proceeding against the Department, or the United States or any of its agencies or officials or present or former employees or agents, either in their official or individual capacities, except for proceedings necessary to implement or enforce the terms hereof.

7. **Tax Consequences.** Plaintiff acknowledges that he has not relied on any representations by Department or Defendant's employees or agents as to the tax consequences of

4

this Stipulation or any payments made by or on behalf of DOJ hereunder. Plaintiff shall be solely responsible for compliance with all federal, state, and local tax filing requirements and other obligations arising from this Stipulation that are applicable to Plaintiff.

8. **Entire Agreement.** This Stipulation contains the entire agreement between the parties hereto and supersedes all previous agreements, whether written or oral, between the parties relating to the subject matter hereof. No promise or inducement has been made except as set forth herein, and no representation or understanding, whether written or oral, that is not expressly set forth herein shall be enforced or otherwise be given any force or effect in connection herewith.

9. **Amendments.** The terms of this Stipulation may not be modified or amended, and no provision hereof shall be deemed waived, except by a written instrument signed by the party to be charged with the modification, amendment, or waiver.

10. **Construction.** The parties acknowledge that the preparation of this Stipulation was collaborative in nature, and so agree that any presumption or rule that an agreement is construed against its drafter shall not apply to the interpretation of this Stipulation or any term or provision hereof.

11. **Headings.** The paragraph headings in this Stipulation have been inserted for convenience of reference only, and shall not limit the scope or otherwise affect the interpretation of any term or provision hereof.

12. **Severability.** The provisions of this Stipulation are severable, and any invalidity or unenforceability of any one or more of its provisions shall not cause the entire agreement to fail or affect the validity or enforceability of the other provisions herein, which shall be enforced without the severed provision(s) in accordance with the remaining provisions of this Stipulation.

13. **Further Assurances.** Each party agrees to take such actions and to execute such

additional documents as may be necessary or appropriate to fully effectuate and implement the terms of this Stipulation.

14. <u>Right to Cure</u>. If either Plaintiff or the Department at any time believes that the other party is in breach of this Stipulation, that party shall notify the other party of the alleged breach. The other party shall then have thirty (30) days to cure the breach or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding this Stipulation before bringing the dispute to the Court's attention.

15. <u>Notices</u>. Any notice required or permitted to be given pursuant to this Stipulation shall be in writing and shall be delivered by hand, or transmitted by fax or by e-mail, addressed as follows or as each party may subsequently specify by written notice to the other:

| | |
|---|---|
| If to Plaintiff: | Joshua Nesbitt/ Edwards Kirby<br>2000 P St. NW, Suite 300<br>Washington, D.C. 20036<br>seubanks@edwardskirby.com |
| If to Defendant: | Janice Kaye, Esq.<br>U.S. Department of Justice<br>National Security Division<br>Washington, D.C. 20530<br>Janice.Kaye@usdoj.gov |
| with copy to: | Mercedeh Momeni, AUSA<br>555 Fourth Street, NW, Civil Division<br>Washington, D.C. 20530<br>Mercedeh.Momeni@usdoj.gov |

21. <u>Execution</u>. This Stipulation may be executed in two or more counterparts, each of which shall be deemed to be an original and all of which together shall be deemed to be one and the same agreement. A facsimile or other duplicate of a signature shall have the same effect as a manually-executed original.

22. <u>Governing Law</u>. This Stipulation shall be governed by the laws of the District of

Columbia, without regard to the choice of law rules utilized in that jurisdiction, and by the laws of the United States.

23.   Binding Effect.   Upon execution of this Stipulation by all parties hereto, this Stipulation shall be binding upon and inure to the benefit of the parties and their respective heirs, personal representatives, administrators, successors, and assigns; provided, however, that the settlement agreement herein shall not become effective or enforceable until the revocation period provided for in Paragraph 2 hereof has expired.   Each signatory to this Stipulation represents and warrants that she or he is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, the parties hereto, intending to be legally bound, have executed this Stipulation on the dates shown below.

Respectfully submitted,

*/s/ Sharon Y. Eubanks*
SHARON Y. EUBANKS, Esq.
CATHARINE EDWARDS, Esq.
EDWARDS KIRBY
2000 P Street, NW, Suite 300
Washington, D.C. 20036

*Attorneys for Plaintiff*

*/s/ Joshua Nesbitt*
JOSHUA NESBITT
Plaintiff

April 28, 2014

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney for the District of Columbia

DANIEL VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: */s/ Mercedeh Momeni*
MERCEDEH MOMENI
BENTON G. PETERSON
Assistant United States Attorneys
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 252-2515

*Attorneys for Defendant*